**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | No. CV - 05-2047-PHX-DGC |
| Alfredo Morales Clemente, | BK- 04- 03612 - PHX- RJH |
| Debtor. | **ORDER** |
| AmTrust Bank, a division of Ohio Savings Bank, a federally insured financial institution, | |
| Appellant, | |
| vs. | |
| Alfredo Morales Clemente, | |
| Appellee. | |

This case comes before the Court on appeal from the bankruptcy court's November 9, 2004 denial of Appellant's motion for entry of default judgment. Doc. #11. For the reasons discussed below, the Court will affirm the bankruptcy court's decision.

**Background**

At approximately 1:20 a.m. on December 21, 2002, an automobile driven by Alfredo Clemente ("Appellee") was involved in a motor vehicle accident. Appellee admitted to police that he had been drinking "shots of vodka and beer" for several hours before driving his car. His blood alcohol level was .152 percent.

1   At the time of the accident, AmTrust Bank ("AmTrust") held a first priority security
2   interest lien on Appellee's vehicle pursuant to a Motor Vehicle Retail Installment Sales
3   Contract and Purchase Money Security Agreement ("Agreement") dated July 28, 2001.
4   Appellee was obligated to pay regular monthly installments and to maintain full insurance
5   coverage on the vehicle. On May 18, 2003, Appellee breached this agreement by failing to
6   pay regular installments to AmTrust.  It was not until May 22, 2004, that AmTrust
7   discovered the car had been involved in the accident on December 21, 2002.

8   On March 5, 2004, Appellee filed for bankruptcy under Chapter 7 of the Bankruptcy
9   Code. Appellee listed the moneys owed to AmTrust among the debts he sought to have
10  discharged. On June 15, 2004, AmTrust filed a complaint to contest the dischargability of
11  Appellee's debt pursuant to 11 U.S.C. § 523(a)(2), (4), and (6). Doc. 11, Att. 1. On
12  November 8, 2004, the bankruptcy court held an evidentiary hearing on AmTrust's request
13  for default judgment. AmTrust argued that the debt on the promissory note must be declared
14  non-dischargable because 11 U.S.C. § 523(a)(6) precludes the discharge of debts for "willful
15  and malicious injury by the debtor to another entity or to the property of another entity."
16  AmTrust asserted that it owned a secured property interest in Appellee's vehicle at the time
17  of the accident, and because the Ninth Circuit has found that "voluntary acts of drinking and
18  driving while intoxicated constitute conduct sufficiently intentional to support a finding of
19  willful and malice," § 523(a)(6) required the court to find Appellee's debt non-dischargable.
20  *See Moraes v. Adams*, 761 F.2d 1422, 1427 (9th Cir. 1985).

21  The bankruptcy court disagreed. The court found that the debt AmTrust sought to
22  preserve was dischargable because it arose from the parties' contract agreement, not from the
23  car accident, and therefore did not fall under the exception of § 523(a)(6). AmTrust appeals
24  the bankruptcy court's decision.
25  / / /
26  / / /
27  / / /
28  **Discussion**

- 2 -

## I.  Standard of Appellate Review

A district court reviews bankruptcy court orders as an appellate court. *See In re Kroy (Europe) Ltd.*, 244 B.R. 816 (D. Ariz. 2000). Rule 8013 of the Federal Rules of Bankruptcy Procedure states:

> On an appeal, the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

This Court reviews the bankruptcy court's conclusions of law *de novo*, but will not reverse its findings of fact unless they are clearly erroneous. *See United States v. Olson*, 4 F.3d 562, 564 (8th Cir. 1993).

## II.  Analysis

11 U.S.C. § 523(a)(6) provides as follows:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

In 1984, Congress amended Title 11 to include § 523(a)(9), which provides that death and personal injury liabilities incurred as a result of drunk driving are non-dischargable. 11 U.S.C. § 523(a)(9). The Ninth Circuit held in *Moraes v. Adams*, 761 F.2d 1422, 1427 (9th Cir. 1985), that §523(a)(9) is a clarification of § 523(a)(6) and that "debts incurred by persons driving while intoxicated are presumed to be willfully and maliciously incurred under" § 523(a)(6). *Id*. at 1426 (quoting 130 Cong. rec. H7489 (daily ed. June 29, 1984) (statement of Rep. Rodino)). AmTrust argues that in light of the Ninth Circuit's decision in *Adams*, § 523(a)(6) requires the Court to find "*any* liabilt[y] incurred as a result of the accident or drunk driving non-dischargable." Doc. #11 at 78.

The bankruptcy court was correct in finding that § 523(a)(6) does not apply to the present circumstances. In its prayer for relief in the bankruptcy court, AmTrust sought to recover "the principal balance owing *under the Agreement* of $13,103.06, plus the accrual of interest thereon . . . at the rate of 12.50% per annum," plus its reasonable attorneys' fees.

- 3 -

1  Doc. #11, Att. 1, at 5 (emphasis added).  The debt on which AmTrust sued – the debt arising
2  "under the Agreement" – came into existence long before Appellee got drunk and wrecked
3  his car.  The debt was created by the Agreement; it did not arise from the "willful and
4  malicious injury . . . to the property of another entity."  11 U.S.C. § 523(a)(6).  Thus, the non-
5  dischargability provision of § 523(a)(6) does not apply.

**IT IS ORDERED** that Bankruptcy Judge Randolph J. Haines' November 9, 2004 decision denying Entry of Default Judgment is **affirmed** and Appellant's Appeal from Bankruptcy Court (Doc. #5) is **denied**.

The Clerk is directed to terminate this action.

DATED this 14th day of March, 2006.

_____
David G. Campbell
United States District Judge